**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 12-20077-CR-GRAHAM/GOODMAN**

UNITED STATES OF AMERICA,

v.

PIERO LORA,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON RESTITUTION

In its restitution-related Order of Reference dated June 29, 2012, the District Court ordered the Undersigned to "conduct a hearing *and* enter a Report and Recommendation within sixty (60) days of this order."   [ECF No. 40 (emphasis added)].  Based on this deadline, the Court earlier granted, in part, the Government's motion to continue the restitution hearing and scheduled it for August 24, 2012.

At the August 24, 2012 restitution hearing, which was intended to be an evidentiary hearing, the Government advised that the sole purported restitution victim, identified as "G.S.," was not at the hearing and would not be at the hearing. Apparently, G.S. earlier advised the Probation Department and/or the United States Attorney's Office that G.S. was out of the country and did not know of a specific anticipated return date.

Although G.S. apparently submitted a sworn declaration claiming $8,490 in losses for which G.S. is seeking restitution, the Court learned at the hearing that G.S. did not provide any backup documentation to support the claimed number. Moreover, Defendant objected to the requested restitution amount and raised several fact-based issues which call into question the basis for some or all of the $8,490 mentioned in G.S.'s declaration.  In response to questions from the Court, the probation officer agreed that he, too, had questions about the amount and provided examples of specific items which may well need additional proof.

Under these circumstances, the prosecutor requested additional time and asked that the evidentiary hearing be adjourned and continued. I advised the parties of my appreciation for the fact that the 90-day statutory deadline for a restitution award would not expire until September 25, 2012 – but that I was bound by Judge Graham's directive to hold a hearing and issue a report and recommendations within 60 days of his referral order. Therefore, I told the parties that they would need to seek relief from Judge Graham if they wanted to reconvene the restitution hearing to a date later than August 29, 2012. The AUSA said he would consider that possibility and indicated that the Government might concede that a report and recommendation of no restitution for G.S.'s benefit would be appropriate in the absence of additional factual clarification of the claimed loss.

The Undersigned advised the parties at the hearing that I intended to enter the required report and recommendations (recommending no restitution) if the deadline were not extended. I confirmed this in a written order entered the same day [ECF No. 52].

After the hearing and the entry of the Order memorializing the rulings, the United States filed its second motion to continue the restitution hearing. [ECF No. 53]. In that motion, the United States outlined the reasonable efforts which have been made to cause the victim to appear at the restitution hearing and to bring additional documentation. The motion also explained that the victim previously advised that he/she was out of the county but did not know a specific return date.  It also pointed out that numerous attempts to return the phone call message from the victim were all unsuccessful.

The United States conceded, in its motion, that no restitution should be awarded to the sole victim, G.S., in the absence of additional factual clarification. No such clarification has been provided and the District Court has not granted the motion to continue the evidentiary restitution hearing.

The Court has not been provided with any information to suggest that G.S. will appear for a hearing before the September 25, 2012 date which would be 90 days from the date of Defendant's sentencing. It appears that an order

rescheduling the evidentiary restitution hearing yet again would likely be a waste of time.

Therefore, under these circumstances, the Undersigned **RESPECTFULLY RECOMMENDS** that the Court **not award any restitution** to G.S. or to anyone else (as G.S. is the only potential victim to have responded to requests for information).

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), the Parties have fourteen (14) days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other Party's objection within fourteen (14) days of the objection. The objecting Party may file a reply within seven (7) days. Failure to file timely objections shall bar the Parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this

30th day of August, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to:**</u>
The Honorable Donald L. Graham
All counsel of record
United States Probation